UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY LATKA, | ) |
|                 Plaintiff, | ) ) ) |
|                 v. | )   No. 1:24-cv-01591-JPH-KMB |
| INTEGRA BUILDERS LLC, | ) ) ) |
|                 Defendant. | ) |

## MINUTE ENTRY AND ORDER FROM IN-PERSON STATUS CONFERENCE AND ORDER TO SHOW CAUSE HEARING

The Court held an in-person Status Conference and Show Cause Hearing on the record on May 7, 2025, before U.S. Magistrate Judge Kellie M. Barr. Plaintiff appeared by counsel David Deal. Defendant appeared by counsel Tarek Mercho and Malak Mercho.

**A. Status Conference**

The Court began the hearing by asking counsel for a status update on the case. Mr. Deal provided discovery updates from Plaintiff, including that counsel is meeting and conferring regarding written discovery and that a deposition of a corporate representative of Defendant has been set. Mr. Deal further represented that it may be necessary for Plaintiff to file a motion to compel non-party GoDaddy.com to respond to a non-party subpoena.

On behalf of Defendant, Mr. Mercho agreed with Plaintiff's update and stated that at the appropriate time, Defendant would appreciate a settlement conference with the Court. The Court stated that it is happy to engage in a settlement conference at a time that both sides feel it would be productive in this case. The Court encouraged counsel to reach out to chambers directly to request a date or the Court will address it further at the next status conference.

B.  Show Cause Hearing

The Court then proceeded with the Order to Show Cause Hearing. By way of background, below is the key portion of the Court's Order setting this hearing:

> Pursuant to the Case Management Plan adopted in this case, the Parties "shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov." [Dkt. 20 at 2.] The Case Management Plan "constitutes an Order of the Court" and "[f]ailure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default." [Dkt. 20 at 9.]
>
> Plaintiff's settlement demand in this case was due on March 3, 2025. [Dkt. 20 at 2.] On March 10, 2025, the undersigned held a Telephonic Status Conference and, among other things, informed Plaintiff's counsel—David Deal—that this deadline had been missed. [Dkt. 27.] Mr. Deal was ordered to serve the statement of special damages and settlement demand no later than March 12, 2025. [Dkt. 27.]
>
> On March 12, 2025, Plaintiff's counsel served the settlement demand on opposing counsel. Mr. Deal did not, however, submit a copy of it to the undersigned's chambers email, despite the Case Management Plan's directive to do so. Defendant's counsel Tarek Mercho appropriately forwarded the demand to the undersigned's chambers email, copying all counsel.
>
> Mr. Deal's email contains multiple unprofessional assertions. He states to defense counsel that "you are a liar or uniformed about basic information in this case. Both are unacceptable." Plaintiff's counsel goes on to say that he is "far more interested in seeing whether your client will deny the same under oath . . . . I am interested whether your client has the balls [do that]."
>
> By being admitted to practice in the Southern District of Indiana, Plaintiff's counsel has agreed to be bound by the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit ("Standards for Conduct"). *See* Attorney Admission Information, United States District Court, Southern District of Indiana, https://www.insd.uscourts.gov/attorney-admission-information ("You have read and agree to abide by the Seventh Circuit Standards of Professional Conduct and the Local Rules of [this District]."). Rule 1 of the Standards for Conduct regarding Duties to Other Counsel requires counsel to "treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other

written and oral communications."  Seventh Cir. Standards Pro. Conduct, *Duties to Other Counsel, Rule 1*, https://www.ca7.uscourts.gov/forms/seventh_circuit_standards_for_professional_conduct.pdf.  Rule 2 requires counsel to "abstain from disparaging personal remarks or acrimony toward other counsel" and also states that attorneys will not "abuse or indulge in offensive conduct" directed at opposing counsel or others.  Seventh Cir. Standards Pro. Conduct, *Duties to Other Counsel, Rule 2*.

"[A] court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose sanctions to penalize and discourage misconduct."  *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016).  Sanctions imposed "should be proportionate to the gravity of the offense."  *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).

The Court finds it necessary to address Mr. Deal's unprofessional conduct.  As such, Mr. Deal is **ORDERED** to **SHOW CAUSE** why the Court should not find that his comments cited above violate the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit or any other applicable standards and, if appropriate, issue sanctions.

[Dkt. 28.]

In response to the Court's Order to Show Cause, Mr. Deal provided a written response asking that the Court not issue sanctions "based on his admitted violations of the Standards of Professional Conduct Within the Seventh Circuit Federal Judicial Circuit." [Dkt. 30 at 1.]  At the show cause hearing, Mr. Deal verbally apologized to the Court for his behavior and the unprofessional comments made in the email at issue, admitting that his emotions got the best of him and promising to be more thoughtful in the future.

The Court also gave Mr. Mercho a chance to address the issue.  Mr. Mercho stated that he appreciated counsel's statement at the hearing and noted that Defendant was not seeking sanctions from the Court for Mr. Deal's conduct.

By practicing in this District, Mr. Deal has agreed to be bound by the Standards for Professional Conduct Within the Seventh Federal Judicial Circuit ("Standards for Professional Conduct"). *See* Attorney Admission Information, United States District Court, Southern District of Indiana, https://www.insd.uscourts.gov/attorney-admission-information ("You have read and agree to abide by the Seventh Circuit Standards of Professional Conduct and the Local Rules of [this District]."). These Standards for Professional Conduct set forth thirty criteria for "Lawyers' Duties to Other Counsel." While many of them are applicable to this situation, the first two are the most salient:

1. We will practice our profession with a continuing awareness that our role is to advance the legitimate interests of our clients. In our dealings with others we will not reflect the ill feelings of our clients. We will treat all other counsel, parties, and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications.

2. We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties, or witnesses. We will abstain from disparaging personal remarks or acrimony towards other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

Seventh Cir. Standards Pro. Conduct, *Duties to Other Counsel, Rule 1 and Rule 2*, https://www.insd.uscourts.gov/sites/insd/files/Standards%20for%20Professional%20Conduct.pdf

At the hearing, the Court expressed its appreciation for Mr. Deal's apology and acceptance of responsibility for his unprofessional comments in the email at issue. Based on his admission and the Court's own analysis, the Court finds that Mr. Deal's conduct did not comply with Rules 1 and 2 of the Standards for Professional Conduct cited above. Specifically, Mr. Deal's unprofessional email did not treat opposing counsel in a civil and courteous manner, and the disparaging personal remarks, acrimony, and offensive language clearly did not comply with the applicable Standards for Professional Conduct. Because of Mr. Deal's apology to the Court and

acceptance of responsibility, however, the Court will not impose sanctions on Mr. Deal at this time. Instead, the Court issues a formal warning to Mr. Deal that he shall not engage in additional unprofessional behavior in this case or while practicing in this District. Should Mr. Deal fail to meet the expected level of professionalism going forward, the Court may issue sanctions as appropriate. The Court now **DISCHARGES** the pending Order to Show Cause.

This case is set for a Telephonic Status Conference on **July 9, 2025, at 10:00 a.m. (Eastern),** before United States Magistrate Judge Kellie M. Barr. The Court will contact counsel through the Court's electronic filing system with the call-in information to be used to participate in the conference.

**SO ORDERED.**

Date: 5/8/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email