UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMY LATKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01591-JPH-KMB |
| | ) |
| INTEGRA BUILDERS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| KAITLIN HODGES, | ) |
| | ) |
| Interested Party. | ) |
| | ) |
| Yousef Barham, | ) |
| | ) |
| Material Witness. | ) |

**ORDER GRANTING PLAINTIFF'S**
**MOTION TO COMPEL NON-PARTY YOUSEF BARHAM**

Presently pending before the Court is Plaintiff's Motion to Compel Compliance with Subpoena Directed to Non-Party Yousef Barham. [Dkt. 50.] Mr. Barham has filed a response opposing that motion. [Dkt. 63.] The time for Plaintiff to file a reply has passed, and the motion is now ripe for the Court's ruling.

In this action, Plaintiff Amy Latka alleges that Defendant Integra Builders ("Integra") infringed on her copyrighted photographs. [Dkt. 51 at 1.] Non-party Yousef Barham is an individual and former owner of the two homes depicted in the copyrighted photographs at issue in this lawsuit. [*Id.*] Plaintiff asserts that "[f]ollowing Plaintiff's letter to Integra detailing Integra's unauthorized use of Copyrighted Photographs, Barham directly communicated with Integra about granting 'permission' for Integra to use Copyrighted Photographs." [*Id.*] Plaintiff issued a non-

party subpoena to Mr. Barham on May 19, 2025, [dkt. 51-1], and an Affidavit of Service shows that it was served on May 27, 2025, [dkt. 51-2]. Plaintiff represents that Mr. Barham failed to produce anything in response to the subpoena and asks the Court to compel Mr. Barham to produce "documents relating to Integra's website, communications between Barham and Integra, communications between Barham and Allen Williams ("Williams"), the listing real estate agent for both homes, and permissions or other authorizations from Barham to Integra to use Copyrighted Photographs." [Dkt. 51 at 2.]

Mr. Barham opposes the requested discovery because the requests are allegedly "overbroad, unduly burdensome, and not proportionate to the needs of this case." [Dkt. 63.] He specifically argues:

> [Plaintiff's] requests ask for documents dating back to the time when the property was constructed by the Defendant, which have no relation to the issues in this case. They also ask for communications between Barham and the Defendant that are not related to the issues of this case. Barham and the Defendant frequently correspond and have for the past twenty plus years. Responses to such requests would be voluminous and would place an enormous burden on Barham (a nonparty) to collect.

[Dkt. 63.] Mr. Barham asks the Court to deny Plaintiff's motion as moot so that his counsel and Plaintiff's counsel may have additional time to confer. Mr. Barham confirms that "[t]o the extent that Barham has communications or other documents related to the photos at issue in this lawsuit, he intends to produce them." [*Id.*]

On September 16, 2025, the Court held a Telephonic Status Conference during which it heard argument from counsel on the two pending Motions to Compel, among other matters. [Dkt. 66.] Plaintiff's counsel represented that no documents have been received from Mr. Barham. Counsel for Mr. Barham did not appear at the status conference, and the Court kept the Motion to Compel under advisement. [*Id.*]

"Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial." *Todd v. Ocwen Loan Servicing, Inc.*, 2020 WL 1328640, at *1 (S.D. Ind. Jan. 30, 2020) (citing 8 Wright & Miller, Federal Practice and Procedure § 2001, at 44-45 (2d ed. 1994)). Federal Rule of Civil Procedure 26(b)(1) outlines the scope of permissible discovery and provides that parties to a civil dispute are entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," regardless of admissibility. *Estate of Daniels by Stover v. City of Indianapolis*, 2021 WL 4844145, at *1 (S.D. Ind. Oct. 18, 2021) (citing Fed. R. Civ. P. 26(b)(1)). The burden "rests upon the objecting party to show why a particular discovery request is improper[,]" and the objecting party "must show with specificity that the request is improper[,]" *Hunt v. Hubler Chevrolet, Inc.*, 2019 WL 1043163, at *2 (S.D. Ind. Mar. 4, 2019).

"Federal Rule of Civil Procedure 45 allows a party to seek discovery from a non-party through the issuance of a subpoena, provided that the discovery sought is still within the broad scope of Federal Rule of Civil Procedure 26(b)." *Allstate Ins. Co. v. Orthopedic, P.C.*, 2022 U.S. Dist. LEXIS 42485, at *6 (S.D. Ind. Mar. 9, 2022). District courts are given "broad discretion" regarding discovery matters, including when ruling on motions to compel discovery. *Metal Chem, Inc. v. PBBT, Inc.*, 2023 U.S. Dist. LEXIS 74132, at *3 (S.D. Ind. Apr. 27, 2023). When ruling on a discovery request, the Court should "independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines*, 95 F.3d 492, 496 (7th Cir. 1996) (internal citations omitted).

As the objecting party, the burden rests with Mr. Barham "to show why a particular discovery request is improper." *Hunt*, 2019 WL 1043163, at *2. Specifically, Mr. Barham "must show with specificity that the request is improper." *Id.* While Mr. Barham filed a response in

opposition to the pending motion, [dkt. 63], the Court finds that he has not met his burden to show that the discovery requested is improper. Mr. Barham's response essentially admits that he has responsive documents and that he intends to produce them on an undefined timeline, but he has still not done so. Mr. Barham makes general objections to the scope of the requests, asserting that he has corresponded with the Defendant for "the past twenty plus years." [Dkt. 63.] The Court emphasizes that Mr. Barham need only produce non-privileged documents relevant to Plaintiff's claims in this lawsuit. *See* Fed. R. Civ. Pro. 26(b)(1). In other words, while Mr. Barham perhaps communicated with Defendant for approximately two decades, only communications relevant to Plaintiff's claims in this lawsuit fall within the scope of discovery. Mr. Barham's general objections to the discovery and representations that documents will be produced on an undefined timeline after an additional meet and confer with Plaintiff's counsel do not meet his burden to show that the discovery request at issue is improper.

For these reasons, the Court **GRANTS** Plaintiff's Motion to Compel Compliance with Subpoena Directed to Non-Party Yousef Barham. [Dkt. 50.] Non-Party Yousef Barham is **ORDERED** to produce responsive materials consistent with the Federal Rules of Civil Procedure **no later than October 8, 2025**. The Court **ORDERS** Plaintiff to file a status report **no later than October 15, 2025**, stating whether Mr. Barham made a sufficient production by the deadline.

SO ORDERED.

Date: 9/24/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

David Christopher Deal
David Deal
david@daviddeal.com

Marc Andrew Menkveld
Menkveld Law & Mediation LLC
marc@menkveldlaw.com

Malak Christian Mercho
Mercho Strzynski LLP
chris@msfirm.law

Tarek E. Mercho
Mercho Strzynski LLP
tkmercho@gmail.com

Eric D. Schmadeke
DENSBORN BLACKLY, LLP
eschmadeke@dblaw.com