UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AMY LATKA,                          )
                                    )
              Plaintiff,            )
                                    )
        v.                          )      No. 1:24-cv-01591-JPH-KMB
                                    )
INTEGRA BUILDERS LLC,               )
                                    )
              Defendant.            )

**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Amy Latka, a real-estate photographer, alleges that Integra Builders LLC, infringed her copyrighted photographs by republishing them on Integra's commercial website.  Integra has moved for judgment on the pleadings.  For the reasons below, that motion is **DENIED.**  Dkt. [37].

**I.**
**Facts and Background**

Because Integra has moved for judgment on the pleadings under Rule 12(c), the Court accepts and recites "the well-pleaded facts in the complaint as true." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

Ms. Latka is a professional commercial photographer specializing in real estate photography.  Dkt 1 at 1.  In January and May 2021, Ms. Latka took photographs of two homes—one in Fortville, Indiana and one in Fishers, Indiana.  *Id.* at 2–7.  That July, Integra copied and posted Ms. Latka's photographs of those homes to its commercial website and social media without her authorization.  *Id.* at 7–24, 61.  Before posting the images, Integra

1

deleted Ms. Latka's copyright management information from the photographs and added an "Integra Builders" watermark and logo.  *Id.* at 8–14, 19–24, 60, 62.

Ms. Latka discovered her photographs on Integra's website in November 2021.  *Id.* at 60.  After Ms. Latka notified Integra, it obtained permission from Yousef Barham, the owner of the Fortville home, to use all photographs taken to sell his home for commercial purposes.  *Id.*

In March 2022, Ms. Latka registered the photographs with the United States Copyright Office.  *Id.* at 59 (Registration No. VA 2-291-835).  Ms. Latka is the "exclusive copyright holder of all copyright rights" in the photographs.  *Id.*

In July 2024, Integra republished Ms. Latka's photographs to its commercial website without authorization.  *Id.* at 25–59, 61.  Integra again replaced Ms. Latka's copyright management information from the photos with its watermark and logo.  *Id.* at 25–41, 60, 62.

Ms. Latka filed this case in September 2024, alleging copyright infringement claims under the Copyright Act, 17 U.S.C. § 501, and the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202(a)(1), (b)(1).  *Id.* at 60–62.  Integra moved for judgment on the pleadings.  Dkt. 37.

## II.
## Applicable Law

Defendants may move under Rule 12(c) for judgment on the pleadings after the complaint and answer have been filed by the parties.  "A motion for

2

judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(c) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

## II.
## Analysis

### A. Integra's factual allegations and exhibits

In its brief, Integra alleges and relies on facts not included in the pleadings, including allegations about its role in designing the homes and how

Ms. Latka's photographs were posted online.  Dkt. 38 at 3–5.  Ms. Latka argues that these facts cannot be considered because they were not included in the pleadings and are not subject to judicial notice.  Dkt. 40 at 2–4.  In reply, Integra argues that they can be considered under the "incorporation-by-reference doctrine" and attaches four exhibits, including construction contracts and emails between the parties' counsel.  Dkt. 41 at 2–6, 41-1, 41-2, 41-3, 41-4.

"If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  There is an exception for documents that are referenced in and central to a pleading. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 691 (7th Cir. 2012).  But this exception is "indeed a narrow exception aimed at cases interpreting, for example, a contract."  *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Here, Integra's additional factual allegations are not central to the pleadings; instead, they are introduced to contest Ms. Latka's claims.  *See* dkt. 38 at 11–13 (relying on its additional allegations to argue that the photographs lacked the originality required to be copyrightable).  That, however, is the purpose of summary judgment, not of a motion for judgment on the pleadings. *See Tierny*, 304 F.3d at 738 (explaining that the narrow exception for considering evidence outside the pleadings "is not intended to grant litigants license to ignore distinctions between motions [for judgment on the pleadings] and motions for summary judgment.").  Considering Integra's additional factual

allegations would therefore be inappropriate at this stage.  *See id.*; *Cisco v. Lib. Mut. Person. Ins. Co.*, No. 3:25-cv-295-DWD, 2025 WL 2977603, *3 (S.D. Ill. Oct. 22, 2025) ("The Seventh Circuit has instructed district courts not to use the incorporation-by-reference to allow a defendant to introduce new facts to contradict or sidestep the complaint's well-pleaded allegations.").

As for the exhibits, Integra attached two construction contracts: one between Mercho Wells Masterson Inc. and Yousef A. Barham and the second between Mercho Wells Masterson Inc. and Omar A. Barham.  Dkts. 41-1, 41-2. These contracts are not central to Ms. Latka's complaint—which alleges copyright infringement, not breach of any contract.  *See Brownmark Films, LLC*, 682 F.3d at 691; *Tierney*, 304 F.3d at 739.  In fact, the parties to the contracts are not parties to this lawsuit.  *See* dkts. 41-1, 41-2.  Similarly, the emails that Integra attached show that Ms. Latka's attorney communicated with Integra's counsel prior to filing suit, but are not central to Ms. Latka's copyright claims.  *See id.*

Integra's additional factual allegations and exhibits therefore are not incorporated by reference, and the Court will not consider them in addressing Integra's motion for judgment on the pleadings.  *See* dkt. 38 at 3–5.  Because those allegations and exhibits are excluded, converting the motion to one for summary judgment is unnecessary.  Fed. R. Civ. P. 12(d).

**B. Copyright Act claim**

Ms. Latka alleges that Integra committed copyright infringement under the Copyright Act, 17 U.S.C. § 501, when it uploaded the photographs to its

website in July 2021 and again in July 2024.  Dkt. 1 at 7, 25, 61.  To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Design Basics LLC v. Signature Constr., Inc.,* 994 F.3d 879, 886 (7th Cir. 2021).  Integra argues that it's entitled to judgment on the pleadings because (1) Ms. Latka's copyright is invalid, (2) Integra had a license to use the photographs, and (3) Ms. Latka cannot recover damages.  Dkt. 38 at 9–18.

### 1.  Validity of Ms. Latka's copyright

Integra argues that Ms. Latka's photographs are not copyrightable because they are mere depictions that contain "no creative elements."  Dkt. 38 at 9.  Ms. Latka responds that the photographs reflect creative decisions and "are the subject of a valid registration."  Dkt. 40 at 8–11.

To start, Ms. Latka alleges that she registered her photographs with the U.S. Copyright Office in 2022.  Dkt. 1 at 59 (Registration No. VA 2-291-835).  That certificate of registration, since it was made within five years after first publication of the work, "constitutes *prima facie* evidence of a validity of the copyright."  17 U.S.C. § 410(c); *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007).

The pleadings here do not undermine that presumption by demonstrating that Ms. Latka's photographs are merely depictions or "slavish copies."  *See* dkt. 1 at 2–6.  A depiction or "slavish cop[y]" of a preexisting work does not receive copyright protection because it "lack[s] any independently created expression."  *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 519

6

(7th Cir. 2009).  But the photographs in the complaint plausibly suggest that they possess "at least some minimal degree of creativity," *UIRC-GSA Holdings, LLC v. William Blair Co., L.L.C.*, 90 F.4th 908, 913 (7th Cir. 2024), through Ms. Latka's choices in perspective, lens, shading, focus, staging, or lighting, *see* dkt. 1 at 2–6.  In *Schrock*, for example, photographs of toys were not in "the narrow category of . . . 'slavish copies,'" because they involved "various camera and lighting techniques."  586 F.3d at 519 (reversing summary judgment for defendants).  Ms. Latka has therefore plausibly pleaded originality in her photographs.  *See id.* at 515–16 ("Federal courts have historically applied a generous standard of originality in evaluating photographic works for copyright protection.").

Integra next argues that even if the photographs aren't mere depictions, they are unprotected derivative works based on Integra's protected architectural designs.  Dkt. 38 at 11–13.  Derivative works are "based upon one or more preexisting works" and "consist[ ] of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship."  *Schrock*, 586 F.3d at 518 (quoting 17 U.S.C. § 101).  A derivative work receives "limited copyright protection" as long as it does not infringe the underlying work.  *Id.*  Ms. Latka responds that her photographs are not derivative works and instead satisfy the standard for originality required for full protection under the Copyright Act.  Dkt. 40 at 8–9.

The dispute about whether the photographs are derivative works needs to be resolved at this pleadings stage only if the limited protection for derivative

7

works would be insufficient for Ms. Latka's claim to proceed. *Cf. Schrock*, 586 F.3d at 518 ("Whether photographs of a copyrighted work are derivative works is the subject of deep disagreement among courts and commentators alike."). The Court therefore begins by "assum[ing] for purposes of this decision," as the Seventh Circuit did in *Schrock*, that Ms. Latka's photographs are derivative works. 586 F.3d at 515, 522 (explaining that photographs of other works can be copyrighted as derivative if they contain "minimally sufficient variation[s] in angle, perspective, lighting and dimension to be distinguishable from the underlying works"). So, unless the pleadings establish that Ms. Latka's photographs infringe Integra's copyrighted architectural designs, Ms. Latka's claim is not subject to dismissal and whether the photographs are derivative works can be addressed when the facts are developed. *See id.* at 522; *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

While architectural works can be protected, that protection does not extend to "[s]tandard configurations of spaces, and individual standard features, such as windows, doors, and other staple building components." *Design Basics LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099, 1102 (7th Cir. 2017) ("[S]uburban homes—share many design elements and characteristics to which no individual designer can lay claim."). So, "when an architect hews closely to an existing convention, the architect's original contribution is slight—his copyright is very thin, so that only 'very close copying'" would be infringing. *Id.* at 1102. Under that high legal bar for infringement, the pleadings here do not establish that Integra has protected

architectural designs or that Ms. Latka's photographs are infringing.  *See Moss*, 473 F.3d at 698 ("Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion.").  Indeed, Integra does not explain how allegations in the pleadings support its position that the pictures show its protected architectural work.  *See* dkt. 38 at 9–12.

In sum, even assuming that Ms. Latka's photographs are derivative works, the pleadings do not undermine the plausibility of Ms. Latka's claim. *See Chapman*, 875 F.3d at 848.  The Court therefore does not analyze these questions further at this stage.

Finally, Integra argues even if Ms. Latka's photographs are protected, she didn't get Integra's permission to copyright the photographs.  Dkt. 38 at 9, 12. But "there is nothing in the Copyright Act requiring the author of a derivative work to obtain permission to copyright [her] work from the owner of the copyright in the underlying work."  *Schrock*, 586 F.3d at 515.

Integra therefore is not entitled to judgment on the pleadings on this basis.  *See Moss*, 473 F.3d at 698 (7th Cir. 2007).

### 2. License

Integra also argues that Ms. Latka's Copyright Act claim must be dismissed because Integra held an implied license to use the photographs. Dkt. 38 at 16.  Ms. Latka responds that she sufficiently pleaded that Integra "is

not and has never been licensed to copy, use, or display Plaintiff's copyrighted photographs." Dkt. 40 at 14.

A license is an "affirmative defense to a claim of copyright infringement." *Muhammad–Ali v. Final Call, Inc.*, 832 F.3d 755, 760 (7th Cir. 2016). An affirmative defense like a license supports resolution on the pleadings only when the pleadings "contain[ ] everything needed to show that the defendant must prevail." *Edgenet v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011).

Here, Integra argues that it received a license from one of the home's owners, Yousef Barham, to use the photographs. Dkt. 38 at 16–18. Ms. Latka's complaint, however, alleges that Mr. Barham did not own the rights to the photographs. Dkt. 1 at 59. The pleadings therefore do not establish this affirmative defense, so Integra is not entitled to judgment on the pleadings. *Edgenet*, 658 F.3d at 665.

### 3.  Damages under the Copyright Act

Integra last argues that Ms. Latka cannot receive statutory damages for the first alleged infringement and did not suffer actual damages from the second alleged infringement. Dkt. 38 at 18–19. Ms. Latka responds that she has adequately alleged that she is eligible for both types of damages. Dkt. 40 at 16.

At the least, statutory damages are available for the second alleged infringement because it occurred after the photographs were registered. 17 U.S.C. § 504(c)(1). Integra does not argue otherwise, but contends that it's not

liable for that infringement because a third party posted the photographs.  Dkt. 38 at 18–19.  Because Ms. Latka has plausibly pleaded that Integra was responsible, dkt. 1 at 25, Integra is not entitled to judgment on the pleadings for lack of available damages.  *See Moss*, 473 F.3d at 698.

### B. Digital Millennium Copyright Act claim

Ms. Latka also brings a claim under the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1202, alleging that Integra removed her copyright management information and added its watermark and logo before publishing the photographs.  Dkt. 1 at 62–63.  Integra argues that this claim must be dismissed because Ms. Latka did not "set[] forth evidence regarding the intent to compromise the integrity of copyright management information."  Dkt. 38 at 19.

Under the DMCA, "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement . . . provide copyright management information that is false."  17 U.S.C. § 1202(a)(1).  It also prohibits the intentional removal or alteration of "any copyright management information."  *Id.* § 1202(b)(1).  "Copyright management information" is "information conveyed in connection with copies . . . of a work," including "[t]he name of, and other identifying information about, the copyright owner of the work."  *Id.* § 1202(c)(3).

Since Ms. Latka alleges that Integra "intentionally removed the copyright information" from her photographs and knowingly attached its own watermark, dkt. 1 at 60, 62, she has pleaded a plausible DMCA claim.  *See Chapman*, 875

F.3d at 848; *Levyfilm, Inc. v. Fox Sports Interactive Media*, 999 F. Supp. 2d 1098, 1103 (N.D. Ill. Mar. 25, 2014) (finding intent sufficiently alleged for DMCA claim when plaintiff alleged that the photographs had defendant's name attached when published and plaintiff's name was removed).  While Integra contends that Ms. Latka offers no evidence to support her allegations, she is not required to do so at the pleadings stage.  *See Iqbal*, 556 U.S. at 678.

Integra therefore is not entitled to judgment on the pleadings on Ms. Latka's DMCA claim.  *See Moss*, 473 F.3d at 698 (7th Cir. 2007).

## IV.
## Conclusion

Integra's motion for judgement on the pleadings is **DENIED.**  Dkt. [37].

**SO ORDERED.**

Date: 3/16/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel.

12